# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBBIE GORE, on behalf of herself and all other similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>BRUCE H. NAGEL; ANDREW L. O'CONNOR; ROBERT SOLOMON; NAGEL RICE, LLP; DEREK POTTS; POTTS LAW FIRM, L.L.P.; BAILEY PEAVEY BAILEY COWAN HECKAMAN, PLLC; BAILEY PEAVEY BAILEY; BAILEY PERRIN BAILEY; MESH LITIGATION CENTER; ANNIE MCADAMS; STEELMAN MCADAMS; JUNELL & ASSOCIATES, PLLC; K. CAMP BAILEY, PC; and BURNETT LAW FIRM,<br><br>      Defendants. | Civil Action No. 2:19-cv-14287-MCA-LDW<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br><br>Hon. Leda Dunn Wettre, U.S.M.J.<br><br>**Motion Returnable: August 19, 2019**<br><br>**Oral Argument Requested** |

**BRIEF IN SUPPORT OF DEFENDANTS STEELMAN & McADAMS AND ANNIE McADAMS, ESQ.'S MOTION TO DISMISS WITH PREJUDICE PLAINTIFF'S VERIFIED CLASS ACTION COMPLAINT**

**BRESSLER, AMERY & ROSS**
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
P.O. Box 1980
Morristown, New Jersey 07962
(973) 514-1200
Attorneys for Defendants
  Steelman & McAdams and
  Annie McAdams, Esq.

On the Brief:

  Mark M. Tallmadge, Esq.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS .....................................................................................3

LEGAL ARGUMENT ............................................................................................6

    POINT I ...........................................................................................................6

        THE COURT LACKS PERSONAL JURISDICTION OVER
        THE McADAMS DEFENDANTS. ................................................................6

CONCLUSION .....................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

BNSF Ry. Co. v. Tyrell,
　137 S.Ct. 1549 (2017)..................................................................................8

Bristol-Myers Squibb Co. v. Superior Court of California,
　137 S.Ct. 1773 (2017)...............................................................................6, 7

Chavez v. Dole Food Co., Inc.,
　836 F.3d 205 (3d Cir. 2016) ........................................................................8

Daimler AG v. Bauman,
　571 U.S. 117 (2014)......................................................................................7

Dayhoff Inc. v. H.J. Heinz Co.,
　86 F.3d 1287 (3d Cir. 1996) ........................................................................8

Kanter v. Barella,
　489 F.3d 170 (3d. Cir. 2007) .......................................................................8

Miller Yacht Sales, Inc. v. Smith,
　384 F.3d 93 (3d Cir. 2004) ..........................................................................8

Remick v. Manfredy,
　238 F.3d 248 (3d. Cir. 2001) .......................................................................6

Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.,
　75 F.3d 147 (3d. Cir. 1996) .........................................................................6

Weerahandi v. Shelesh,
　Docket No. 16-cv-06131, 2007 U.S. Dist. LEXIS 163910 (D.N.J.
　September 29, 2017)......................................................................................8

World-Wide Volkswagen Corp. v. Woodson,
　444 U.S. 286 (1980)......................................................................................6

## INTRODUCTION

Defendants, Steelman & McAdams and Annie McAdams, Esq. (collectively the "McAdams Defendants"), submit this brief in support of their motion to dismiss plaintiff Debbie Gore's Verified Class Action Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(2) and (6). First, the McAdams Defendants submit that there is no basis for this Court to exercise in personam jurisdiction over them and, for that reason alone, the Complaint must be dismissed. Second, the McAdams Defendants join in the arguments set forth in the Memorandum of Law submitted on behalf of the Texas co-defendants pursuant to Fed. R. Civ. P. 12(b)(6).[1]

Simply stated, the McAdams Defendants have had no contact with the State of New Jersey which could justify either general or specific jurisdiction. Neither Steelman & McAdams nor Annie McAdams, Esq. has ever appeared in a New Jersey court. The McAdams Defendants own no property in New Jersey, have no offices in New Jersey, maintain no bank accounts in New Jersey, and have no telephone listing in New Jersey. Given these facts, it is submitted that there is no basis for the exercise of in personam jurisdiction over the McAdams Defendants and that the instant motion to dismiss must be granted.

---

[1] The Texas co-defendants include Derek Potts; Potts Law Firm, L.L.P.; Bailey Peavey Bailey Cowan Heckaman, PLLC; Bailey Peavey Bailey; Bailey Perrin Bailey; Junell & Associates, PLLC; K. Camp Bailey, PC; Burnett Law Firm; and Mesh Litigation Center.

The McAdams Defendants also join in the arguments advanced by the Texas co-defendants with respect to their motion to dismiss. As set forth in their Memorandum of Law, plaintiff fails to state a claim insofar as she is unable to demonstrate that she sustained any damages due to the alleged wrongful conduct of the defendants. Moreover, applying Texas law, plaintiff's Complaint fails to state a claim upon which relief could be granted.

For all of these reasons, defendants, Steelman & McAdams and Annie McAdams, Esq., respectfully submit that their motion to dismiss must be granted and the Complaint dismissed with prejudice.

## STATEMENT OF FACTS

Plaintiff asserts that the McAdams Defendants violated New Jersey Court Rule 1:21-7 in the course of their representation of her. Based upon these allegations, plaintiff alleges that the McAdams Defendants are civilly liable under theories of legal malpractice, breach of fiduciary duty and unjust enrichment. While the McAdams Defendants deny each and every allegation of wrongdoing set forth in the Complaint, they respectfully submit that the Court lacks in personam jurisdiction over them and, therefore, cannot reach the merits of those allegations.

Annie McAdams is an attorney licensed to practice law in the State of Texas and the principal of Annie McAdams PC. Declaration of Annie McAdams, ¶ 1. Prior to forming Annie McAdams PC, Ms. McAdams was a partner in Steelman & McAdams, PLLC, a Texas professional limited liability corporation. Id. at ¶ 3. Steelman & McAdams never maintained an office in New Jersey, never owned property in New Jersey, did not maintain a bank account in New Jersey, and had no telephone listing in New Jersey. Further, Steelman & McAdams never appeared as counsel of record in any New Jersey court nor did it ever represent any New Jersey clients. Id. at ¶¶ 4 and 5.

Annie McAdams is licensed to practice law in Texas and has never been licensed to practice law in New Jersey. Id. at ¶ 6. Ms. McAdams has never appeared pro hac vice in any court in the State of New Jersey. More specifically, she did not

3

appear pro hac vice in the underlying pelvic mesh litigation in which plaintiff Debbie Gore was a party. Id. Ms. McAdams has never owned property in New Jersey, never maintained a bank account in New Jersey, and has never had a telephone listing in New Jersey. Id. at ¶ 7.

In May 20013, Debbie Gore retained Steelman & McAdams to represent her with respect to claims for injuries related to transvaginal mesh. Id. at ¶ 8. Ms. Gore was a resident of Texas and signed a written fee agreement with Steelman & McAdams. Id. The McAdams Defendants handled the pre-litigation work-up of Ms. Gore's case until July of 2013 when they associated with Bailey Perrin Bailey ("BPB"), another Texas law firm, to handle the litigation. Id. at ¶ 9. Ms. Gore signed a written "Client's Acknowledgment and Consent to Associate" indicating her knowledge and agreement to the association with BPB. Id. at ¶ 9. The McAdams Defendants were not involved in the decision by BPB to associate additional counsel and they were not involved in the selection or retention of New Jersey counsel. Id. at ¶ 10.

The McAdams Defendants had three other transvaginal mesh cases that were included in the New Jersey state court filing and that have been resolved. Id. at ¶ 11. Similar to the Gore matter, the plaintiffs in those three cases also were Texas residents and signed consent forms indicating their knowledge and agreement to the association with other Texas counsel. Id. The McAdams Defendants were not

involved in any of those cases in the selection and retention of local counsel in New Jersey.  Id.

   Given these facts, it is respectfully submitted that no basis exists for this Court to exercise in personam jurisdiction over Steelman & McAdams or Annie McAdams, Esq.  Therefore, the instant motion must be granted and the Complaint dismissed with prejudice.

## LEGAL ARGUMENT

## POINT I

## THE COURT LACKS PERSONAL JURISDICTION OVER THE McADAMS DEFENDANTS.

A federal court may exercise jurisdiction over nonresidents of the forum state to the extent authorized by the law of that state. Remick v. Manfredy, 238 F.3d 248, 255 (3d. Cir. 2001). However, the Fourteenth Amendment to the United States Constitution limits the personal jurisdiction of state courts. See Bristol-Myers Squibb Co. v. Superior Court of California, 137 S.Ct. 1773 (2017); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). Accordingly, this Court's jurisdictional analysis is guided by federal due process requirements. Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 150 (3d. Cir. 1996).

"The primary focus of [the District Court's] personal jurisdiction inquiry is the defendant's relationship to the forum state." Bristol-Myers Squibb Co. v. Superior Court of California, 137 S.Ct. 1773, 1779 (2017). "Since [the Supreme Court's] seminal decision in *International Shoe*, our decisions have recognized two types of personal jurisdiction: "general" (sometimes called "all-purpose") jurisdiction and "specific" (sometimes call "case-linked") jurisdiction." Id. (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). As aptly described in Bristol-Myers applying the Supreme Court's seminal decision in

Daimler AG v. Bauman, 571 U.S. 117 (2014), the application of general jurisdiction is very limited:

> For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one at which the corporation is fairly regarded as at home. A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State. But "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State.

Id. at 1780 (emphasis in original)(internal citations omitted). "Specific jurisdiction is very different." Id. "[T]here must be an affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State and is therefore subject to the State's regulation." Id. (citing Goodyear, 564 U.S. at 919). Here, plaintiff cannot establish either general or specific jurisdiction.

The exercise of general jurisdiction over a non-resident corporation is appropriate only when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Daimler, 571 U.S. at 127. Indeed, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradigm … bases for general jurisdiction." Id. at 137 (citing Goodyear, 564 U.S. at 735). As noted by the Court of Appeals, "it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum

*other* than the place of incorporation or principal place of business." Chavez v. Dole Food Co., Inc., 836 F.3d 205, 223 (3d Cir. 2016)(emphasis in original). See also BNSF Ry. Co. v. Tyrell, 137 S.Ct. 1549 (2017). In sum, "the Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not "at home" in the state and the episode in suit occurred elsewhere." BNSF Ry. Co., 137 S.Ct. at 1554.

Notably, the concept of general jurisdiction has not been applied to an individual. "While the Supreme Court has not ruled out the possibility an individual could be subject to general jurisdiction because of 'continuous and systematic contact' with the forum, the Court has applied general jurisdiction only to corporate defendants." Weerahandi v. Shelesh, Docket No. 16-cv-06131, 2007 U.S. Dist. LEXIS 163910 at *8 (D.N.J. September 29, 2017).

On a motion to dismiss pursuant to Rule 12(b)(2), "plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996). Because the McAdams Defendants challenge personal jurisdiction, plaintiff must present competent evidence demonstrating that the defendants have the requisite minimal contacts with the forum to warrant the exercise of personal jurisdiction. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 101 N.6 (3d Cir. 2004). Bald assertions and legal conclusions are insufficient. Kanter v. Barella, 489 F.3d 170, 1778 (3d. Cir. 2007).

8

In the instant matter, there is no plausible argument that the court may exercise general jurisdiction over either Steelman & McAdams or Annie McAdams. As indicated in the Declaration of Annie McAdams, Esq., neither of the McAdams Defendants had continuous and systematic contacts with the State of New Jersey. Moreover, the Complaint fails to allege any contact between the McAdams Defendants and the State of New Jersey. Rather, Ms. McAdams, a Texas lawyer, entered into a fee agreement with a Texas resident in Texas. Thereafter, the client, plaintiff Gore, consented to association with co-counsel, another Texas law firm. The McAdams Defendants did not appear pro hac vice in Ms. Gore's transvaginal mesh case, or in any other case in New Jersey. Moreover, the McAdams Defendants were not involved in the selection or retention of local counsel in New Jersey. Simply stated, there is no basis to conclude that this Court may exercise either general or specific jurisdiction over the McAdams Defendants. As noted, plaintiff bears the burden of establishing that jurisdiction is proper. Here, plaintiff cannot sustain that burden and, as a consequence, the instant motion to dismiss must be granted.

## CONCLUSION

For all the reasons set forth herein, defendants, Steelman & McAdams and Annie McAdams, Esq., respectfully submit that their motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (6) must be granted and the Complaint dismissed with prejudice.

                                              **BRESSLER, AMERY & ROSS, P.C.**
                                              Attorneys for Defendants
                                               Steelman & McAdams and
                                               Annie McAdams, Esq.

                                     By:     /s/Mark M. Tallmadge
                                                Mark M. Tallmadge

Dated:  July 17, 2019