## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBBIE GORE and DORIS LANCE SMITH, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>BRUCE H. NAGEL; ANDREW L. O'CONNOR; ROBERT SOLOMON; NAGEL RICE, LLP; DEREK POTTS; POTTS LAW FIRM, L.L.P.; BAILEY PEAVEY BAILEY COWAN HECKAMAN, PLLC; BAILEY PEAVEY BAILEY; BAILEY PERRIN BAILEY; MESH LITIGATION CENTER; ANNIE MCADAMS; STEELMAN MCADAMS; JUNELL & ASSOCIATES, PLLC; K. CAMP BAILEY, PC; BURNETT LAW FIRM; JOHN DOES 1-100; AND ABC CORPS 1-100,<br><br>               Defendants. | Civil Action No. 2:19-cv-14287-MCA-LDW<br><br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Debbie Gore and Doris Lance-Smith on behalf of themselves and all others similarly situated, complaining against the Defendants, say as follows:

### PARTIES

1.     Plaintiff Debbie Gore is a resident of Dickinson, Texas.

2.     Plaintiff Doris Lance-Smith is a resident of Hartselle, Alabama.

3.     Defendant Bruce H. Nagel ("Nagel") is an attorney licensed to practice law in the State of New Jersey. Nagel is the senior partner in Nagel Rice, LLP, and upon information and belief participated in the representation of the plaintiffs, and is the most senior attorney that supervised all actions of or by any attorney employed by Nagel Rice,

LLP related to this lawsuit, including but not limited to, all legal work performed by defendant Andrew L. O'Connor.

4.      Defendant Robert Solomon ("Solomon") is an attorney licensed to practice law in the State of New Jersey.  Solomon is a partner in Nagel Rice, LLP, and upon information and belief participated in the representation of the plaintiffs, and supervised actions of or by any attorney employed by Nagel Rice, LLP related to this lawsuit, including but not limited to the legal work performed by defendant Andrew L. O'Connor.

5.      Defendant Andrew L. O'Connor ("O'Connor") is an attorney licensed to practice law in the State of New Jersey.  O'Connor is a partner in Nagel Rice, LLP, and at all times relevant, and in that capacity, has performed legal work on, and was responsible for the filing and day to day handling and management of the Plaintiffs' cases, and the cases of the other class members, including but not limited to responsibility for compliance with the requirements of New Jersey law.

6.      Defendant Nagel Rice, LLP ("Nagel Rice") is a law firm located at 103 Eisenhower Parkway, Roseland, New Jersey.  At all times relevant Nagel Rice was and is the employer/principal of Nagel, Solomon, and O'Connor and liable for their conduct pursuant to the doctrines of agency, respondeat superior, and vicarious liability.   Nagel, Solomon, O'Connor, and Nagel Rice are collectively referenced as the "Nagel Defendants."

7.      Defendant Derek Potts ("Potts") is, on information and belief, an attorney licensed to practice law in the State of Texas.  Potts is the senior partner in The Potts Law Firm, and was and is responsible for all actions relevant to this lawsuit.

8.      Defendant The Potts Law Firm ("Potts Law Firm") is, on information and belief, a law firm with offices in multiple states, including but not limited to the States of Texas and Missouri.  At all times relevant, The Potts Law Firm is and was the employer of Potts and liable for his conduct pursuant to the doctrines of agency, respondeat superior, and vicarious liability.  Potts and the Potts Law Firm are herein collectively referenced as the "Potts Defendants."

9.      Defendant Bailey Peavey Bailey Cowan Heckaman, PLLC is, on information and belief, also known as and/or affiliated with and/or responsible for the conduct of defendant Bailey Perrin Bailey and defendant Bailey Peavey Bailey, and each for the other, and is located at The Lyric Centre, 440 Louisiana Street, Suite 2100, Houston, Texas.  Bailey Peavey Bailey Cowan Heckaman, PLLC, Bailey Perrin Bailey, K. Camp Bailey, PC and Bailey Peavy Bailey are herein collectively referenced as the "Bailey Defendants."

10.      Defendant Mesh Litigation Center, located at 4295 San Felipe Street, Suite 250, Houston, Texas is, on information and belief, a law firm and/or administrative entity owned and operated by the Potts Defendants and the Bailey Defendants, for the purpose of settling and administratively processing the settlements of pelvic mesh cases and claims.

11.      Defendant Annie McAdams ("McAdams") is, on information and belief, an attorney licensed to practice law in the State of Texas and a partner in the law firm of Steelman McAdams.

12.      Defendant Steelman McAdams ("Steelman McAdams") is, on information and belief, a law firm with an office located at 5851 San Felipe Street, Suite 210, Houston, Texas and the employer of McAdams, and as such is liable for her conduct pursuant to the

doctrines of agency, respondeat superior, and vicarious liability. McAdams and Steelman McAdams are herein collectively referenced as the "McAdams Defendants."

13.     Defendant Junell & Associates ("Junell Law") is, on information and belief, a law firm with an office located at 3737 Buffalo Speedway, Houston, Texas.

14.     Defendant Burnett Law Firm ("Burnett Law") is, upon information and belief, a law firm with an office located at 3737 Buffalo Speedway, Houston, Texas.

15.     John Does 1-100 are individuals whose identities are presently unknown, and who were employees, agents, partners and/or principals of Nagel Rice, the Potts Law Firm, the Bailey Defendants, Burnett Law, Junell Law, the Mesh Litigation Center, Steelman McAdams and/or ABC Corps 1-100 who are liable for the wrongdoing described herein. The claims set forth below are intended to apply with equal force and effect to John Does 1-100 as applicable.

16.     ABC Corps. 1-100 are entities (including but not limited to corporations, sole proprietorships, partnerships, limited partnerships, limited liability partnerships, and limited liability companies) whose identities are presently unknown and are liable for the wrongdoing described herein. The claims set forth below are intended to apply with equal force and effect to ABC Corps. 1-100 as applicable.

## JURISDICTION AND VENUE

17.     This action was originally filed in the Superior Court of New Jersey. On June 26, 2019, certain of the defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA") and §1453. This Court has personal jurisdiction over (1) the Nagel Defendants, as they reside and are located in the State of New Jersey, (2) the Potts

Defendants, as they filed and directed the cases in question to be filed in the State of New Jersey, their names appear on the complaints filed on behalf of the Plaintiffs and other class members in the State of New Jersey, and they intended to and did get paid attorney's fees and expenses generated by these cases in the State of New Jersey, (3) the Bailey Defendants, Junell Law, Burnett Law, and the Mesh Litigation Center, as they filed and directed the cases in question to be filed in the State of New Jersey, knew that the cases were filed in the State of New Jersey, and/or intended to and did get paid attorney's fees and expenses generated by these cases in the State of New Jersey, and (4) the McAdams Defendants, as they directed the subject cases to be filed in the State of New Jersey, knew that the cases were filed in the State of New Jersey, and/or intended to and did get paid attorney's fees and expenses generated by these cases in the State of New Jersey. Defendants have sufficient minimum contacts with the State of New Jersey to permit the exercise of personal jurisdiction over each of them in this State.

## OPERATIVE FACTS AND LAW

18.    Plaintiffs Debbie Gore and Doris Lance-Smith bring this action individually, and on behalf of all persons who (1) retained one or more of the Defendants, and/or were represented by one or more of the Defendants, and/or were charged attorney's fees and/or expenses that were paid to one of more of the Defendants, (2) had their pelvic mesh case filed in the Superior Court of New Jersey by one or more of the Defendants, (3) signed and/or was represented pursuant to a retainer agreement with one or more of the Defendants that contracted for an improper attorney fee percentage, and/or entered into retainer agreements, that contained or failed to include terms such that they were not compliant with New Jersey law (i.e., provided for an attorney fee that violated N.J.Ct.R.

1:21-7; provided for a calculation of attorney's fees whereby the attorney's fees were to be deducted off the top from the gross settlement amount in contravention of New Jersey law; and/or provided for deduction of expenses from the net amount owed to the client after deduction of attorney's fees in contravention of New Jersey law which required deduction of expenses from the gross settlement amount prior to deduction of attorney's fees), (4) had a portion of their settlement paid to law firms who were never authorized to receive any portion of the attorney's fees and/or provided no legal services, (5) had law firm(s) act as their legal counsel by filing pleadings and/or making appearances as legal counsel but who were never retained nor authorized by the client to act as legal counsel, and/or (6) had attorney's fees and/or expenses improperly deducted from the settlement of their underlying pelvic mesh case pursuant to a non-compliant retainer agreement, or in the absence of a retainer agreement, by one or more of the Defendants ("the Proposed Class" or "Proposed Class Members").

19.    The deduction and payment of attorney's fees and expenses from Plaintiffs and all proposed class members improperly occurred pursuant to invalid retainer agreements, and/or no retainer agreements.

20.    The retainer agreement with Plaintiff Gore, dated May 21, 2013, was violative of N.J.Ct.R. 1:21-7 and invalid under New Jersey law because it (1) failed to comply with N.J.Ct.R. 1:21-7(c) by contracting for a 40% attorney's fee, (2) failed to comply with N.J.Ct.R. 1:21-7(d) by providing for the attorney's fee to be deducted off the top from the gross settlement amount, (3) failed to comply with N.J.Ct.R. 1:21-7(d) by providing for expenses to be deducted from the client's portion of the recovery, (4) failed to comply with N.J.Ct.R. 1:21-7(b) by not advising "the client of the right and afford[ing]

the client an opportunity to retain the attorney under an arrangement for compensation on the basis of the reasonable value of the services", (5) failed to disclose that some or all of the Defendants were sharing the legal fees, and New Jersey law requires that all attorneys sharing in the legal fees -- and the fee sharing arrangement -- be disclosed to and approved by the client in writing, and (6) allowed for the sharing of legal fees to attorneys who provided no legal services.

21.     On information and belief, Lance-Smith's retainer agreement similarly violated New Jersey law, and in particular, N.J.Ct.R. 1:21-7 and is invalid under New Jersey law because it (1) failed to comply with N.J.Ct.R. 1:21-7(c) by contracting for a 40% attorney's fee, (2) failed to comply with N.J.Ct.R. 1:21-7(d) by providing for the attorney's fee to be deducted off the top from the gross settlement amount, (3) failed to comply with N.J.Ct.R. 1:21-7(d) by providing for expenses to be deducted from the client's portion of the recovery, (4) failed to comply with N.J.Ct.R. 1:21-7(b) by not advising "the client of the right and afford[ing] the client an opportunity to retain the attorney under an arrangement for compensation on the basis of the reasonable value of the services", (5) failed to disclose that some or all of the Defendants were sharing the legal fees, and New Jersey law requires that all attorneys sharing in the legal fees -- and the fee sharing arrangement -- be disclosed to and approved by the client in writing, and (6) allowed for the sharing of legal fees with attorneys who provided no legal services.

22.     Despite not being retained to act as legal counsel pursuant to a retainer agreement compliant with New Jersey law, Nagel Rice and the Potts Law Firm filed a Master Short Form Complaint on Gore's behalf on July 10, 2014 in the Superior Court of New Jersey, Law Division, , as part of the Gynecare MCL. The Complaint identified the

Potts Defendants and the Nagel Defendants as the only attorneys of record and was signed by O'Connor. Similarly, Nagel Rice filed a Master Short Form Complaint on Lance-Smith's behalf on August 19, 2014 in the Superior Court of New Jersey. The Complaint identified the Potts Defendants and the Nagel Defendants as the only attorneys of record and was signed by O'Connor. On information and belief, approximately 1,450 other lawsuits were similarly filed by the Nagel Defendants and the Potts Defendants in the Gynecare and Bard MCL's.

23. In September 2016, Plaintiffs were notified that a settlement had been reached with Johnson & Johnson and Ethicon, establishing a process for the Defendants to settle their cases or claims, including the Plaintiffs' cases. On information and belief, an identical or materially similar notice was provided to all proposed class members. Pursuant to the settlement of the Plaintiffs' pelvic mesh case, monies were taken by Defendants in violation of New Jersey law.

24. Under New Jersey law, where a plaintiff in a personal injury case is represented in the absence of a retainer agreement, or pursuant to a retainer agreement that does not comply with New Jersey law, the attorney is limited to, at most, recovery of attorney's fees on a quantum meruit basis. In violation of New Jersey law, Defendants' retainer agreements with Plaintiffs and the other members of the class contracted for a 40% attorney's fee and deduction of expenses from the Plaintiffs' portion of the recovery, both of which were improper and in violation of New Jersey law. In addition, Defendants failed to disclose the availability of alternative fee arrangements, and improperly engaged in fee sharing with law firms who were not properly authorized or retained.

25.     Upon information and belief, Defendants (1) filed approximately 1,450 pelvic mesh cases in New Jersey Superior Court in the Gynecare MCL and Bard MCL, all with similarly non-compliant or non-existing retainer agreements (the "Subject Cases"), and (2) following resolution of the cases filed in New Jersey, Defendants improperly paid themselves a percentage attorney's fee, and deducted expenses from the client's portion of the recovery, in violation of New Jersey law.  Defendants also improperly fee-shared in violation of New Jersey law because the Plaintiffs never agreed in advance to such sharing of legal fees, and the sharing of the fees was not based on actual work performed on the Subject Cases.

26.     On information and belief, Defendants collectively paid themselves substantial attorney's fees and expenses from the settlements of the Plaintiffs' and the proposed class members' cases, in violation of New Jersey law.  Although defendants knew or should have known that they could only charge legal fees and expenses in accordance with New Jersey law, defendants contrived a procedure through the Texas State Courts, in a calculated effort to circumvent New Jersey law and charge Plaintiffs and the proposed class a fee of 40% of the gross settlement and deduct  expenses from the client's portion of the recovery.  Defendants never advised Plaintiffs that they were seeking to collect a legal fee in excess of the maximum fee permitted by New Jersey law. Although defendants attempted to obtain approval for the legal fees and expenses in excess of the limits permitted by New Jersey law through a Texas court, any such Order is a nullity and has no legal effect in the New Jersey Courts.  Moreover, the procedures employed by the defendants in Texas were self-serving and were violative of New Jersey law.

27.      In direct response to the filing of this action, and after settlement payments were distributed to Plaintiffs and all or many members of the proposed class, the Potts Defendants sent  Plaintiff Lance-Smith and many of the members of the proposed class a letter advising them that they would only charge Plaintiffs a legal fee as permitted by New Jersey law.  Defendants also included a check for the difference between the fee that they originally charged and the maximum fee allowed in New Jersey. Defendants failed to disclose multiple material facts, including but not limited to the existence of this action, that New Jersey law precludes the taking of a percentage fee in the absence of a valid retainer agreement, that this action seeks damages including the entirety of the legal fees and expenses taken from the proposed class, or the improper deduction of expenses from the client's portion of the recovery.   Although defendants' letter represented that their fee was properly calculated in accordance with Texas law, they claimed that they were reimbursing a portion of the fee because "we believe your interests would be best served by reducing your contingent attorneys' fees and applying the lower of the two potentially conflicting choices of state law provisions." However, defendants' explanation was deliberately incomplete and misleading as this litigation was the sole catalyst for the reimbursement as it was made only days after they were served with the complaint in this case.

28.      The letter also wrongly suggested to the Plaintiffs and the proposed class members that they may be waiving their right to seek further relief against the Defendants if they accepted the payments.

29.      Plaintiffs, on behalf of themselves and the Proposed Class, now seek relief and recovery of damages, including: (1) a full accounting of all cases filed in the New

Jersey Superior Court by or on behalf of the Defendants (the "Subject Cases"), (2) a full accounting of all settlements reached in the Subject Cases, (3) a full accounting of all retainer agreements for the Subject Cases, (4) a full accounting of all attorney's fees deducted from settlements of the Subject Cases, including calculations, percentages, amounts, and all attorneys and law firms sharing in the recovery of the attorney's fees, (5) a full accounting of all expenses deducted from settlements of the Subject Cases, including calculations, amounts, and all attorneys and law firms sharing in the recovery of the expenses,   (6) disgorgement and payment into Court of all attorney's fees and expenses deducted from the settlements of the Subject Cases,  (7) copies of all agreements between and among any of the defendants with regard to the Subject Cases, (8) production of complete documentation of all payments between and among the defendants with regard to the Subject Cases, (9) compensatory damages,  (10) punitive damages, (11) imposition of a constructive trust, (12) attorney's fees, (13) costs, (14) pre- and post-judgment interest, and (15) such further relief as the Court deems equitable and just.

**CLASS ACTION ALLEGATIONS**

30.    Plaintiffs bring this action on behalf of themselves, and on behalf of a nationwide class, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).  Plaintiffs reserve the right to revise the definition of the Class and any Sub-Classes based upon subsequently discovered information and reserve the right to establish additional sub-classes where appropriate:

A.    **Excluded Class Members**:

Excluded from the Class are Defendants and their parents, subsidiaries and corporate affiliates, officers, directors, employees, assigns, and successors, the Court,

Court staff, Defendants' counsel and all respective immediate family members of the excluded entities described above.

**B.      Numerosity of the Class:**

The proposed class is so numerous that individual joinder of all potential members is impracticable.    It is estimated that there are approximately 1,450 Proposed Class Members.    Although the exact number, location, and identity of all Proposed Class Members cannot be presently ascertained, this information is easily obtainable through discovery from the Defendants.

**C.      Existence of Common Questions of Law and Fact:**

Common questions of law and fact exist as to all members of the Class and predominate over any issues solely affecting individual members of the Class.    The common and predominating questions of law and fact include, but are not limited to:

(i)      Whether the retainer agreements signed by the Plaintiffs and the Proposed Class Members complied with New Jersey law;

(ii)     Whether the Defendants were paid attorney's fees from the settlements for the Plaintiffs and the Proposed Class Members in violation of New Jersey law;

(iii)    Whether the Defendants deducted and were paid expenses from the settlements for the Plaintiffs and the Proposed Class Members in violation of New Jersey law; and

(iv)    Whether the Defendants improperly shared attorney's fees in violation of New Jersey law.

**D.      Typicality of Claims or Defenses of the Proposed Class:**

Plaintiffs' claims and the defenses thereto are typical of the claims and the defenses thereto of the Proposed Class Members. The proposed class claims arise out of the Defendants' use of retainer agreements containing attorney's fees and expense provisions in violation of New Jersey law, including attorney's fees percentages in excess of those allowed under New Jersey law, failure to utilize retainer agreements for all counsel representing Plaintiffs and the Proposed Class Members, deduction of attorney's fees off the top from the gross recovery amount, deduction of expenses from the Plaintiffs' portion of the recovery, failure to comply with New Jersey law in sharing attorney's fees, and failure to advise of alternative fee arrangements pursuant to R. 1:21-7(b). As alleged herein, Plaintiffs and the Proposed Class Members sustained damages as a proximate result of the actions and conduct of Defendants.

E.     **Adequacy of Representation:**

Plaintiffs have no conflicting interests with any other proposed Class member. Plaintiffs will fairly and adequately protect the interests of members of the Class. The claims of Plaintiffs and the Proposed Class Members are so similar and interrelated that the interests of the Proposed Class Members will be fairly and adequately protected in their absence. Plaintiffs have engaged the services of the undersigned counsel. Counsel is experienced in complex litigation, including class actions, will adequately prosecute this action, and will assert and protect the rights of, and otherwise represent, Plaintiffs and absent members of the Class.

F.     **Superiority of a Class Action and Predominance of Common Questions:**

Class action status is warranted because questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. In addition:

(i)     Maintenance of a class action in one court is the most efficient and economical procedural device to litigate the class claims. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

(ii)    Prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members of the Class who are not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(iii)   Questions of law and fact common to members of the Class predominate over any questions affecting any individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(iv)    Defendants have acted on grounds generally applicable to the Class, thereby making it appropriate to award final injunctive relief or corresponding declaratory relief with respect to the Class.

(v)    The interest of members of the Class in individually controlling the prosecution of separate actions is theoretical and not practical. The Class has a high degree of internal similarity and is cohesive, and Plaintiffs anticipates no difficulty in the management of this matter as a class action.

## CLAIMS FOR RELIEF

### FIRST COUNT
### (Legal Malpractice Against O'Connor and Nagel Rice)

31.    Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

32.    O'Connor and Nagel Rice were hired by some or all of the Defendants and/or ABC Corps. 1-100 to act as local New Jersey counsel and in that capacity to advise and ensure compliance with New Jersey law, including advising on the requirements of New Jersey law and ensuring that the retainer agreements were legally compliant, and that all the cases were filed, litigated, settled and disbursed in accordance with New Jersey law. As a result, they owed a duty to Plaintiffs and the Proposed Class members, as well as to the other Defendants.

33.    O'Connor and Nagel Rice were negligent in that their conduct fell below and breached the applicable professional standard of care, because they failed to advise Plaintiffs, the Proposed Class Members, and the other Defendants of, and ensure compliance with, the requirements of R. 1:21-7 and New Jersey law regarding retainer agreements and New Jersey legal requirements for fee sharing. As a result of O'Connor's and Nagel Rice's negligence, the improper retainer agreements were entered into and utilized in the Subject Cases.

15

34.     The use of invalid retainer agreements, failure to utilize a retainer agreement compliant with New Jersey law, and improper fee sharing requires that Defendants disgorge all attorney's fees and expenses on all of the Subject Cases and be limited to collecting an attorney fee based on quantum meruit, at most.   On information and belief, Defendants performed very little, if any, actual legal services of value on behalf of Plaintiffs and the Proposed Class Members, thus entitling Defendants to little or no recovery in quantum meruit.

35.     As a proximate result of the aforesaid breaches of the applicable standard of care and negligence, Plaintiffs and the Proposed Class Members have been damaged, having paid improper and excessive attorney's' fees and expenses from their settlements.

WHEREFORE, Plaintiffs demand Judgment granting the following relief against O'Connor and Nagel Rice:  (1) a full accounting of the Subject Cases, (2) a full accounting of all settlements reached in the Subject Cases, (3) a full accounting of all retainer agreements for the Subject Cases, (4) a full accounting of all attorney's fees deducted from settlements of the Subject Cases, including calculations, percentages, amounts, and all attorneys and law firms sharing in the recovery of the attorney's fees, (5) a full accounting of all expenses deducted from settlements of the Subject Cases, including calculations, amounts, and all attorneys and law firms sharing in the recovery of the expenses,  (6) disgorgement and payment into Court of all attorney's fees and expenses deducted from the settlements of the Subject Cases, (7) copies of all agreements between and among any of the defendants with regard to the Subject Cases, (8) production of complete documentation of all payments between and among the defendants with regard to the Subject Cases, (9) compensatory damages, (10) imposition of a constructive trust, (11)

prejudgment and post judgment interest, (12) costs, (13) attorney's fees, and (14) such further relief as the Court deems equitable and just.

## SECOND COUNT
### (Legal Malpractice Against Nagel and Solomon)

36.    Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

37.    At all times relevant herein, Nagel and Solomon were senior partners in Nagel Rice, were fully aware of and involved in the handling of the Subject Cases, including the negotiation of their legal fee, from inception until the litigation was settled, and were the supervisors of O'Connor, and as such had a duty to ensure that their work and his work was performed in a proper manner that met the standard of care and complied with New Jersey law. In particular, Nagel and Solomon knew that O'Connor had little or no experience working on a mass tort or acting as local counsel on a mass tort. Nagel and Solomon failed to satisfy the standard of care and failed to ensure that the work performed by O'Connor and Nagel Rice met the standard of care.

38.    As a proximate result of the aforesaid breaches of the applicable standard of care and negligence, Plaintiffs and the Proposed Class Members have been damaged, having paid improper and excessive attorneys' fees and expenses from their settlements.

WHEREFORE, Plaintiffs demand Judgment granting the following relief against Nagel and Solomon: (1) a full accounting of the Subject Cases, (2) a full accounting of all settlements reached in the Subject Cases, (3) a full accounting of all retainer agreements for the Subject Cases, (4) a full accounting of all attorney's fees deducted from settlements of the Subject Cases, including calculations, percentages, amounts, and all attorneys and law firms sharing in the recovery of the attorney's fees, (5) a full accounting of all

expenses deducted from settlements of the Subject Cases, including calculations, amounts, and all attorneys and law firms sharing in the recovery of the expenses, (6) disgorgement and payment into Court of all attorney's fees and expenses deducted from the settlements of the Subject Cases, (7) copies of all agreements between and among any of the defendants with regard to the Subject Cases, (8) production of complete documentation of all payments between and among the defendants with regard to the Subject Cases, (9) compensatory damages, (10) imposition of a constructive trust, (11) prejudgment and post judgment interest, (12) costs, (13) attorney's fees, and (14) such further relief as the Court deems equitable and just.

### THIRD COUNT
**(Vicarious Liability Against Nagel Rice)**

39.    As a proximate result of the aforesaid breaches of the applicable standard of care and negligence, Plaintiffs and the Proposed Class Members have been damaged, having paid improper and excessive attorney's' fees and expenses from their settlements.

40.    Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

41.    At all times relevant herein, O'Connor, Nagel and Solomon were working in the scope of their professional employment as an employee, agent, partner and/or principal of Nagel Rice.

42.    Pursuant to the principles of agency, respondeat superior, and vicarious liability, Nagel Rice is liable for all conduct of, and all damages awarded against, O'Connor, Nagel and/or Solomon.

WHEREFORE, Plaintiffs demand Judgment granting the following relief against Nagel Rice:  (1) a full accounting of the Subject Cases, (2) a full accounting of all

settlements reached in the Subject Cases, (3) a full accounting of all retainer agreements for the Subject Cases, (4) a full accounting of all attorney's fees deducted from settlements of the Subject Cases, including calculations, percentages, amounts, and all attorneys and law firms sharing in the recovery of the attorney's fees, (5) a full accounting of all expenses deducted from settlements of the Subject Cases, including calculations, amounts, and all attorneys and law firms sharing in the recovery of the expenses, (6) disgorgement and payment into Court of all attorney's fees and expenses deducted from the settlements of the Subject Cases, (7) copies of all agreements between and among any of the defendants with regard to the Subject Cases (8) production of complete documentation of all payments between and among the defendants with regard to the Subject Cases (9) compensatory damages, (10) imposition of a constructive trust, (11) prejudgment and post judgment interest, (12) costs, (13) attorney's fees, and (14) such further relief as the Court deems equitable and just.

### FOURTH COUNT
**(Breach of Fiduciary Duty Against Nagel Defendants)**

43.    Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

44.    By entering appearances as counsel of record on behalf of Plaintiffs and the Proposed Class Members, and by accepting the responsibility to act as New Jersey local counsel, the Nagel Defendants had a fiduciary duty to Plaintiffs and the Proposed Class Members to properly advise the other Defendants and ensure that the Subject Cases were filed, litigated and settled in accordance with New Jersey law, and that the retainer agreements complied with New Jersey law, including but not limited to R. 1:21-7.

45.    By failing to properly advise the other defendants of the requirements of New Jersey law, and by failing to ensure that a valid retainer agreement was executed between the Plaintiffs/Proposed Class Members and the Defendants, and by failing to advise/ensure that the settlement monies were distributed in conformance with New Jersey law and in particular R. 1:21-7, the Nagel Defendants breached their fiduciary duty to the Plaintiffs and Proposed Class Members. As a proximate result, Plaintiffs and the Proposed Class Members paid improper and excessive attorney's' fees and expenses from their settlements.

46.    The Nagel Defendants were fully aware that the retainer agreements were invalid under New Jersey law, yet failed and refused to take action to ensure that the clients were properly charged attorney's fees and expenses.

47.    This conduct by the Nagel Defendants, involving approximately 1,450 individual clients, was reckless, and undertaken with willful and wanton disregard for the rights of the Plaintiffs and the Proposed Class Members, resulting in the payment of improper and excessive attorney's fees and expenses.  Nagel Rice is liable for all conduct of, and all damages awarded against, Nagel, Solomon, and O'Connor.

WHEREFORE, Plaintiffs demand Judgment granting the following relief against the Nagel Defendants:  (1) a full accounting of the Subject Cases, (2) a full accounting of all settlements reached in the Subject Cases, (3) a full accounting of all retainer agreements for the Subject Cases, (4) a full accounting of all attorney's fees deducted from settlements of the Subject Cases, including calculations, percentages, amounts, and all attorneys and law firms sharing in the recovery of the attorney's fees, (5) a full accounting of all expenses deducted from settlements of the Subject Cases, including calculations, amounts,

and all attorneys and law firms sharing in the recovery of the expenses, (6) disgorgement and payment into Court of all attorney's fees and expenses deducted from the settlements of the Subject Cases, (7) copies of all agreements between and among any of the defendants with regard to the Subject Cases, (8) production of complete documentation of all payments between and among the defendants with regard to the Subject Cases, (9) compensatory damages, (10) punitive damages, (11) imposition of a constructive trust, (12) prejudgment and post judgment interest, (13) costs, (14) attorney's fees, and (15) such further relief as the Court deems equitable and just.

### FIFTH COUNT
**(Legal Malpractice Against All Defendants)**

48.    Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

49.    The Defendants owed a duty to Plaintiffs and the Proposed Class members which included ensuring that retainer agreements compliant with New Jersey law were utilized in each of the Subject Cases, and that the Subject Cases were filed, litigated, settled and disbursed in accordance with New Jersey law.

50.    The Defendants were negligent in that their conduct fell below and breached the applicable standard of care, because they failed to ensure that all the cases were retained, filed, litigated, settled and disbursed in accordance with New Jersey law.

51.    The use of invalid retainer agreements (and failure to utilize proper retainer agreements) requires that Defendants disgorge all attorney's fees and expenses on all cases and be limited to collecting an attorney fee of quantum meruit, at most. On information and belief, these Defendants performed very little, if any, actual legal services on behalf of

21

Plaintiffs and the Proposed Class Members, thus entitling Defendants to little or no recovery in quantum meruit.

52.    As a proximate result of the aforesaid breaches of the applicable standard of care and negligence, Plaintiffs and the Proposed Class Members have been damaged, having paid improper and excessive attorney's' fees and expenses from their settlements.

53.    Defendants' conduct in representing approximately 1,450 clients pursuant to legally invalid retainer agreements, and in some cases with no retainer agreements, and taking improper attorneys fees and expenses in hundreds of cases, as well as instituting a procedure in Texas to circumvent the requirements of New Jersey law, the use of deliberately misleading letters to the proposed class in an effort to seek client approval to improper attorneys fees and expenses, and the failure to accurately inform the proposed class of these and other improper actions, was reckless and undertaken with willful and wanton disregard for the rights of the Plaintiffs and the Proposed Class Members.

WHEREFORE, Plaintiffs demand Judgment granting the following relief against the Defendants:  (1) a full accounting of the Subject Cases, (2) a full accounting of all settlements reached in the Subject Cases, (3) a full accounting of all retainer agreements for the Subject Cases, (4) a full accounting of all attorney's fees deducted from settlements of the Subject Cases, including calculations, percentages, amounts, and all attorneys and law firms sharing in the recovery of the attorney's fees, (5) a full accounting of all expenses deducted from settlements of the Subject Cases, including calculations, amounts, and all attorneys and law firms sharing in the recovery of the expenses,  (6) disgorgement and payment into Court of all attorney's fees and expenses deducted from the settlements of the Subject Cases, (7) copies of all agreements between and among any of the

defendants with regard to the Subject Cases, (8) production of complete documentation of all payments between and among the defendants with regard to the Subject Cases, (9) compensatory damages, (10) punitive damages, (11) imposition of a constructive trust, (12) prejudgment and post judgment interest, (13) costs, (14) attorney's fees, and (15) such further relief as the Court deems equitable and just.

## SIXTH COUNT
### (Breach of Fiduciary Duty Against All Defendants)

54.     Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

55.     Defendants owed but failed to discharge their fiduciary duty to represent Plaintiffs and the Proposed Class Members pursuant to a retainer agreement compliant with R. 1:21-7 and New Jersey law.  Defendants failed to ensure that a valid retainer agreement was executed between the Plaintiffs/Proposed Class Members and the Defendants, and by failing to ensure that the settlement monies were paid in conformance with New Jersey law and in particular R. 1:21-7, and taking improper attorneys fees and expenses in hundreds of cases, as well as instituting a procedure in Texas to circumvent the requirements of New Jersey law, the use of deliberately misleading letters to the proposed class in an effort to seek client approval to improper attorneys fees and expenses, and the failure to accurately inform the proposed class of these and other improper actions, the Defendants breached their fiduciary duty to the Plaintiffs and Proposed Class Members. Defendants also improperly shared the legal fees from the settlements of the Subject Cases without the express written consent of Plaintiffs and the Proposed Class Members, and without regard to the work performed by each law firm sharing in the attorney's fees, which is a breach of their fiduciary duty to the Plaintiffs and the Proposed Class Members.

23

56.    As a proximate result, Plaintiffs and the Proposed Class Members were damaged by the payment of excessive attorney's fees and expenses.

57.    The aforesaid breaches of fiduciary duty were reckless and undertaken with willful and wanton disregard of the rights of the Plaintiffs and the Proposed Class Members, and as a proximate result Plaintiffs and the Proposed Class Members were damaged by the payment of excessive attorney's fees and expenses, and require immediate disgorgement of all attorney's fees and expenses paid to any of the Defendants in connection with the settlement of the Subject Cases.

WHEREFORE, Plaintiffs demand Judgment granting the following relief against the Defendants: (1) a full accounting of the Subject Cases, (2) a full accounting of all settlements reached in the Subject Cases, (3) a full accounting of all retainer agreements for the Subject Cases, (4) a full accounting of all attorney's fees deducted from settlements of the Subject Cases, including calculations, percentages, amounts, and all attorneys and law firms sharing in the recovery of the attorney's fees, (5) a full accounting of all expenses deducted from settlements of the Subject Cases, including calculations, amounts, and all attorneys and law firms sharing in the recovery of the expenses, (6) disgorgement and payment into Court of all attorney's fees and expenses deducted from the settlements of the Subject Cases, (7) copies of all agreements between and among any of the defendants with regard to the Subject Cases, (8) production of complete documentation of all payments between and among the defendants with regard to the Subject Cases, (9) compensatory damages, (10) punitive damages, (11) imposition of a constructive trust, (12) prejudgment and post judgment interest, (13) costs, (14) attorney's fees, and (15) such further relief as the Court deems equitable and just.

## SEVENTH COUNT
### (Unjust Enrichment Against All Defendants)

58.    Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

59.    Because the retainer agreements that were utilized were all invalid, and in other instances no retainer agreement was utilized, Defendants represented Plaintiffs and Proposed Class Members without a valid retainer agreement, and/or there was improper fee sharing, Defendants are thus required to immediately disgorge all attorney's fees and expenses and are entitled to, at most, a quantum meruit fee for any work performed.

60.    Defendants unjustly profited from the improper attorney's fees charged and the expenses improperly deducted from the settlements for the Plaintiffs and the Proposed Class Members, and it would be inequitable for the Defendants to retain the attorney's fees and expenses.

61.    As a proximate result of the aforesaid conduct, Plaintiffs and the Proposed Class Members have been damaged, having paid improper and excessive attorney's fees and expenses from their settlements. Plaintiffs and the Proposed Class Members are entitled to restitution of the improper and excessive attorney's fees and expenses deducted and paid from their settlements.

WHEREFORE, Plaintiffs demand Judgment granting the following relief against the Defendants: (1) a full accounting of the Subject Cases, (2) a full accounting of all settlements reached in the Subject Cases, (3) a full accounting of all retainer agreements for the Subject Cases, (4) a full accounting of all attorney's fees deducted from settlements of the Subject Cases, including calculations, percentages, amounts, and all attorney's and law firms sharing in the recovery of the attorney's fees, (5) a full accounting of all

expenses deducted from settlements of the Subject Cases, including calculations, amounts, and all attorneys and law firms sharing in the recovery of the expenses, (6) disgorgement and payment into Court of all attorney's fees and expenses deducted from the settlements of the Subject Cases, (7) copies of all agreements between and among any of the defendants with regard to the Subject Cases, (8) production of complete documentation of all payments between and among the defendants with regard to the Subject Cases, (9) compensatory damages, (10) imposition of a constructive trust, (11) prejudgment and post judgment interest, (12) costs, (13) attorney's fees, and (14) such further relief as the Court deems equitable and just.

## EIGHTH COUNT
### (Vicarious Liability Against Potts Law Firm and McAdams Defendants and ABC Corps 1-100)

62.    Plaintiffs repeat and restate the foregoing allegations as if set forth at length herein.

63.    At all times relevant herein, Potts, McAdams, and John Does 1-100 were working in the scope of their professional employment as an employee, agent, partner and/or principal of The Potts Law Firm, Steelman McAdams, and/or ABC Corps 1-100.

64.    Pursuant to the principles of agency, respondeat superior, and vicarious liability The Potts Law Firm, Steelman McAdams, and/or ABC Corps 1-100 are liable for the conduct of and any and all damages awarded against their respective employees, agents, partners and/or principals.

WHEREFORE, Plaintiffs demand Judgment granting the following relief against the Defendants: (1) a full accounting of the Subject Cases, (2) a full accounting of all settlements reached in the Subject Cases, (3) a full accounting of all retainer agreements

26

for the Subject Cases, (4) a full accounting of all attorney's fees deducted from settlements of the Subject Cases, including calculations, percentages, amounts, and all attorneys and law firms sharing in the recovery of the attorney's fees, (5) a full accounting of all expenses deducted from settlements of the Subject Cases, including calculations, amounts, and all attorneys and law firms sharing in the recovery of the expenses, (6) disgorgement and payment into Court of all attorney's fees and expenses deducted from the settlements of the Subject Cases, (7) copies of all agreements between and among any of the defendants with regard to the Subject Cases, (8) production of complete documentation of all payments between and among the defendants with regard to the Subject Cases, (9) compensatory damages, (10) imposition of a constructive trust, (11) prejudgment and post judgment interest, (12) costs, (13) attorney's fees, and (14) such further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of any and all claims and issues in this action so triable.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding. The only exception is that each of the underlying Subject Cases described herein was filed in the Superior Court of New Jersey by or on behalf of the Defendants. I do not know of any other parties who should be joined in this action at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if the statements made by me are willfully false, I am subject to punishment.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiffs and the Proposed Class

BY:_____
ADAM M. SLATER

Dated August 2, 2019

28